{¶ 1} This is an appeal of Appellant's conviction and sentence for one count of felony driving under the influence ("DUI") and one count of driving while under suspension ("DUS"). Appellant alleges that the arresting officer did not have reasonable suspicion to stop him, citingState v. Drogi (1994), 96 Ohio App.3d 466, 645 N.E.2d 153. Drogi was recently overturned by this Court and therefore, does not support Appellant's arguments. Appellant also contends that the trial court improperly imposed the maximum sentence and improperly imposed a misdemeanor sentence consecutive to a felony sentence. The record reveals that the trial court properly justified the imposition of the maximum sentence and had statutory authority for imposing the consecutive sentence for DUS. The conviction and sentence are hereby affirmed.
 {¶ 2} Appellant was arrested on April 20, 2001, after police officers of the Village of Mount Pleasant, Ohio, observed him driving left of center. (8/13/01 Transcript., p. 5; hereinafter "Tr.") Appellant failed field sobriety tests and registered .211 on a breathalyzer test. Appellant was bound over to the Jefferson County Court of Common Pleas, and was charged with one count of felony DUI, in violation of R.C. §§4511.19(A)(6) and 4511.99(A)(4), a fourth degree felony; and one count of DUS, in violation of R.C. §§ 4507.02(D)(1) and 4507.99(A), a first degree misdemeanor. The DUI was a felony because Appellant had three prior DUI convictions within the previous six years.
 {¶ 3} On July 31, 2001, Appellant filed a Motion to Suppress. Appellant argued, in part, that the police did not have reasonable suspicion to stop his vehicle merely because it was seen crossing the center line, citing Drogi, supra. A suppression hearing was held on August 13, 2001. Chief of Police Thomas Wensyel testified at the hearing that he and another officer followed Appellant; that they observed him travel left of center for 73 feet; that half the car was over the center line while they observed it; and that Appellant was traveling between 12 and 16 m.p.h. in a 35 m.p.h. zone when these events occurred. (8/13/01 Tr., pp. 5-6.)
 {¶ 4} The trial court overruled Appellant's motion to suppress on August 14, 2001.
 {¶ 5} On September 6, 2001, Appellant pleaded no contest to the two charges against him. A sentencing hearing was held on September 14, 2001.
 {¶ 6} On September 18, 2001, the trial court filed its sentencing entry. At sentencing it was revealed that Appellant had twelve prior DUI convictions, and had recently finished an eighteen-month jail sentence for DUI a few months prior to being arrested on the DUI charge in this case. (9/14/01 Tr., pp. 6, 8.) The court sentenced Appellant to the maximum sentence of thirty months incarceration on the DUI charge, and six months incarceration on the DUS charge. The sentences were ordered to be served consecutively pursuant to R.C. § 2929.41(B)(2).
 {¶ 7} This timely appeal was filed on September 26, 2001.
 {¶ 8} Appellant's first assignment of error asserts:
 {¶ 9} "THE COURT ERRED IN NOT SUPPRESSING AS THE LAW ENFORCEMENT OFFICER DID NOT HAVE REASONABLE SUSPICION TO JUSTIFY THE STOP"
 {¶ 10} Appellant's entire argument is based on this Court's recently overturned opinion in Drogi. Appellant's argument is that: 1) the Fourth Amendment prohibits unreasonable searches and seizures; 2) a traffic stop is a seizure; 3) an officer must have a reasonable and articulable suspicion of imminent criminal activity to justify a traffic stop; 4) the propriety of a traffic stop must be viewed in the light of the totality of the circumstances; and 5) a de minimus traffic violation is not enough to justify a traffic stop. The first four parts of Appellant's argument are well-established law. See Terry v. Ohio (1968),392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889; Delaware v. Prouse
(1979), 440 U.S. 648, 663, 99 S.Ct. 1391, 59 L.Ed.2d 660; State v.Freeman (1980), 64 Ohio St.2d 291, 18 O.O.3d 472, 414 N.E.2d 1044, paragraph one of the syllabus. We take issue with the fifth and final prong of Appellant's argument.
 {¶ 11} Drogi has been cited for the proposition that a de minimus traffic violation will not constitute a reasonable and articulable suspicion of criminal activity so as to justify a traffic stop. Drogi, supra, 96 Ohio App.3d at 469, 645 N.E.2d 153. In other words, according to Drogi a trial court would need to decide, on a case by case basis, whether the defendant's traffic violation was serious enough to justify the traffic stop. This Court specifically overruled such reasoning inState v. Hicks, 7th Dist. No. 01 CO 42, 2002-Ohio-3207. See also Statev. Gross, 7th Dist. No. 01-CA-115, 2002-Ohio-3465. Hicks based its reasoning primarily on Whren v. United States (1996), 517 U.S. 806,116 S.Ct. 1769, 135 L.Ed.2d 89. Whren held that a traffic stop, even if made as a pretext for conducting a more extensive search, does not violate the Fourth Amendment where the officer possesses an objectively reasonable basis for making the stop. Id. at 818-819, 116 S.Ct. 1769,135 L.Ed.2d 89. Based on Whren, this Court concluded that:
 {¶ 12} "[N]o matter what the officer's underlying reason for making the stop, if he observed a traffic violation, the stop is justified. In the wake of Whren, there appears to be no insulation for those who commit what can be characterized as very small violations from traffic stops based on such infractions." Hicks, supra at ¶ 21.
 {¶ 13} Appellant committed much more than a de minimus traffic violation. Even if the Drogi analysis were still valid, it would not apply to the case at hand. The officers observed Appellant drive his car halfway across the centerline of a two-lane road into oncoming traffic. Specific traffic laws prohibit operating a vehicle outside of the marked lanes and driving left of center on a two-lane road. R.C. §§ 4511.25,4511.29, 4511.33. The officers also noticed that Appellant was driving substantially slower than the posted speed limit, which is also a traffic violation. R.C. § 4511.22. The officers had a reasonable and articulable suspicion that multiple traffic violations were occurring, and therefore, the traffic stop was justified. The trial court was correct in refusing to suppress any evidence relating to the traffic stop. Therefore, Appellant's first assignment of error is without merit and is overruled.
 {¶ 14} Appellant's second assignment of error asserts:
 {¶ 15} "THE DEFENDANT'S SENTENCE WAS AGAINST THE DICTATES OF R.C.2929.14 AND 2929.19"
 {¶ 16} Appellant alleges that the trial court did not make the required findings for imposing the maximum sentence in this case. Appellant also argues that his sentence for the DUS conviction should not have been imposed consecutively to the sentence for DUI. Appellant's arguments are not persuasive.
 {¶ 17} This Court's standard of review of a felony sentence is governed by R.C. § 2953.08, which states:
 {¶ 18} "(G)(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 {¶ 19} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 20} "* * *
 {¶ 21} "(b) That the sentence is otherwise contrary to law."
 {¶ 22} Appellant received a 30-month prison sentence, which is the maximum allowable sentence for a first time felony DUI. See §4511.99(A)(4)(a)(1). Under Ohio's current felony sentencing statues, a trial court is required to make certain findings and give reasons for imposing a maximum sentence. R.C. § 2929.14(C) states, in pertinent part:
 {¶ 23} "[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 24} The record must reflect that the trial court imposed the maximum sentence for one or more of the reasons listed in R.C. §2929.14(C). State v. Edmonson (1999), 86 Ohio St.3d 324, 328,715 N.E.2d 131.
 {¶ 25} In addition, R.C. § 2929.19(B)(2) requires:
 {¶ 26} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 27} "* * *
 {¶ 28} "(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term;"
 {¶ 29} The trial court found that Appellant had the greatest likelihood of committing future crimes: "[COURT]: You have multiple driving under suspensions, 13 DUIs. There is no question in my mind you are going to kill somebody some day. * * * I can't prevent that but I can put it off and in this case I can put it off for 36 months." (9/14/01 Tr., p. 16.) The court's sentencing judgment entry specifically stated that Appellant posed the greatest likelihood of recidivism. (9/18/01 J.E., p. 3.) The trial judge also explained his reasons for imposing the maximum sentence, noting that Appellant had just served a lengthy jail term for DUI, apparently to no effect, and noting the seriousness of driving into the opposing lane of traffic. Therefore, based on the record it is clear that the trial court made the proper findings to justify imposing the maximum sentence.
 {¶ 30} Appellant is correct that, in most instances, any sentence imposed for a misdemeanor conviction is served concurrently with any felony sentences imposed. See R.C. § 2929.41(A). Nevertheless, a specific part of the same sentencing statute, R.C. § 2929.14(B)(2), requires that a sentence for DUS be served consecutively to a sentence for felony DUI:
 {¶ 31} "(2) A sentence of imprisonment imposed for a misdemeanor violation of * * * division * * * (D)(1) * * * section 4507.02 of the Revised Code shall be served consecutively to a prison term that is imposed for a felony violation of * * * 4511.19 of the Revised Code * * * when the trial court specifies that it is to be served consecutively."
 {¶ 32} Appellant was convicted of DUS in violation of R.C. §4507.02(D)(1), and of felony DUI in violation of R.C. § 4511.19. Pursuant to R.C. § 2929.14(B)(2), the trial court had the option to impose its sentence for DUS consecutively to its sentence for DUI. The trial court specifically stated that the sentences were to be served consecutively. Therefore, the consecutive sentence is valid. The record fully supports the trial court's decision. Therefore, Appellant's second assignment of error is without merit and is overruled.
 {¶ 33} Having rejected both of Appellant's assignments of error, we affirm the trial court decision in full.
Judgment affirmed.
Vukovich, P.J., and DeGenaro, J., concur.